IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-41-D
No. 7:14-CV-81-D

| | |
|---|---|
| ELSON PRESSLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On December 23, 2009, this court denied Elson Pressley's ("Pressley") motion to vacate, set aside, or correct his sentence. See [D.E. 43]. On April 30, 2014, Pressley filed another section 2255 motion. See [D.E. 45]. On June 27, 2014, the court dismissed Pressley's section 2255 motion because Pressley failed to obtain the required authorization from the United States Court of Appeals for the Fourth Circuit. See [D.E. 48]; 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus application] is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application"); see, e.g., Burton v. Stewart, 549 U.S. 147, 152–53, 157 (2007) (per curiam); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir. 2003); In re Vial, 115 F.3d 1192, 1194–95 (4th Cir. 1997) (en banc).

On July 16, 2014, Pressley filed a motion for reconsideration concerning this court's June 27, 2014 order. See [D.E. 50]. The motion nonsensically refers to a Magistrate Judge decision, although no Magistrate Judge was involved in dismissing Pressley's orgininal section 2255 motion or dismissing his second 2255 motion as successive. Pressley's motion for reconsideration is simply

another attempt to avoid the effect of 28 U.S.C. § 2244(b)(3)(A). Accordingly, this court lacks jurisdiction to review the motion, and the motion for reconsideration is dismissed.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Pressley's motion for reconsideration debatable. Accordingly, the court DISMISSES the motion [D.E.50] and DENIES a certificate of appealability.

SO ORDERED. This 10 day of October 2014.

JAMES C. DEVER III
Chief United States District Judge

2

Case 7:07-cr-00041-D   Document 51   Filed 10/10/14   Page 2 of 2